IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL MANGIARDI, :
   Petitioner, : 4:05-CV-2508
 :
v. :
 : (Judge McClure)
UNITED STATES OF AMERICA, :
   Respondent

# O R D E R

December 8, 2005

Paul Mangiardi, currently incarcerated at FPC Schuylkill in Minersville, PA, has filed pro se what this court has construed as a petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 or common law.  Mangiardi's document is captioned "Motion 1657 'All Writs Act':; Motion rule 52B, Rule 60 B; Motion 2255 'Savings Clause.'"  However, his argument as to this court's authority to grant relief is limited to the All Writs Act, 28 U.S.C. § 1651.[1]  A prior motion filed by Mangiardi under 28 U.S.C. § 2255 was denied.  Because Section 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence, and because Mangiardi has failed to show that Section 2255 is inadequate

---

[1] The other "authorities" petitioner cites form absolutely no basis for this court to grant the relief requested.

or ineffective to test the legality of his detention, we dismiss the petition.

BACKGROUND:

A grand jury returned a 16-count superceding indictment against Paul Mangiardi on September 21, 1995. The indictment stemmed from Mangiardi's scheme to market health benefit plans through several companies he created, controlled, and operated. Mangiardi represented the plans to be fully-funded self-insured trusts with backup coverage for claims exceeding premium contributions. However, Mangiardi failed to secure either reinsurance or stop-loss coverage, and he did not have the funds to compensate claimants. Eventually, policy beneficiaries were left with substantial unpaid claims.

At the close of a four-week trial (the second of two trials after the first was declared a mistrial), the jury returned a verdict of guilty against Mangiardi on all counts of the superceding indictment. Mangiardi was sentenced to an aggregate 151 months to be followed by a three-year period of supervised release. The Third Circuit affirmed the judgment of conviction and sentence, 202 F.3d 255 (Table) (3d Cir. 1999), and the United States Supreme Court denied Mangiardi's petition for a writ of certiorari, 529 U.S. 1060 (2000).

Mangiardi then filed a motion under 28 U.S.C. § 2255 complaining of court error, prosecutorial misconduct, and ineffective assistance of counsel. On

November 27, 2001, we denied the motion as to the allegations of court error and prosecutorial misconduct as lacking merit. (Rec. Doc. No. 650.) We subsequently held a two-day evidentiary hearing on the ineffective assistance of counsel claim, and denied the motion as to that allegation on May 3, 2002. (Rec. Doc. No. 680.)

On December 5, 2005, Mangiardi filed the instant motion with this court, challenging his sentence and continued detention on the basis of ineffective assistance of counsel. Mangiardi cites <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>United States v. Booker</u>, 543 U.S. 220 (2005), to support his petition. He also seeks release due to actual innocence under <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).

<u>ANALYSIS</u>:

A Section 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974). Section 2255 permits a federal prisoner to challenge his sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. This broad language includes nearly any challenge to the validity or calculation of a sentence.

Mangiardi's first motion under § 2255 was denied. Mangiardi did not file the current motion under § 2255, and instead argues that his application "must be considered pursuant to the All Writs Act 28 U.S.C. § 1651 . . . . [because] this Court has wide latitude under the Act to construct any remedy necessary to achieve justice." (Rec. Doc. No. 1, at 21.)

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). In <u>Carlisle v. United States</u>, 517 U.S. 416, 429 (1996), the Supreme Court reiterated that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (quoting <u>Penn. Bureau of Corr. v. United States Marshals Serv.</u>, 474 U.S. 34, 43 (1985). 28 U.S.C. § 2255 is the statutory remedy available to Mangiardi in this case. "The failure to utilize a statutory avenue for post-conviction relief is not the situation the Supreme Court had in mind when it stated that the All Writs Act provides court with the authority to issue writs not otherwise covered by statute." <u>United States v. LaPorta</u>, 20 F. Supp. 2d 530, 533 (W.D.N.Y. 1998).

4

Whether we construe this petition as one for a common law writ or one under 28 U.S.C. § 2241, the analysis is the same. The petition will be dismissed because Mangiardi has not shown that "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; <u>Otto v. Williamson</u>, 140 F. App'x 437, 2005 WL 1995441 (3d Cir. Aug. 19, 2005) (citing 28 U.S.C. § 2255; <u>In re Dorsainvil</u>, 119 F.3d 245, 249-51 (3d Cir. 1997)).

"A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion under § 2255 was unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion.[2]  <u>Okereke v. United</u>

---

[2] "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

States, 307 F.3d 117, 120-21 (3d Cir. 2002).  A Section 2255 motion is only inadequate and ineffective where the denial of a habeas action would raise serious constitutional issues, see Dorsainvil, 119 F.3d at 249, such as the rare situation where an intervening change in law makes the crime for which the petitioner was convicted "non-criminal," Okereke, 307 F.3d at 120.

Mangiardi has not shown that a § 2255 motion would be inadequate or ineffective.  He may not circumvent the requirements of a second or successive § 2255 motion by filing under the common law or the All Writs Act.  Habeas corpus petitions brought under § 2241 or the common law are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  See id. at Rule 1(b).  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Id. at Rule 4.  Furthermore, "[n]o district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a

---

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244. Pursuant to these powers, we dismiss the petition without prejudice. If he chooses, the petitioner may file a motion with the United States Court of Appeals for the Third Circuit for an order authorizing this court to consider a second or successive application for relief under 28 U.S.C. § 2255. See 28 U.S.C. §§ 2244, 2255.

**IT IS THEREFORE ORDERED THAT:**

1. The petition for a writ of habeas corpus is denied, without prejudice.
2. The clerk is directed to close the case file.

_____
James F. McClure, Jr.
United States District Judge